

VIA ECF

October 5, 2023

Hon. Philip M. Halpern
U.S. District Judge
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re: <u>Russian School of Mathematics v. Sinyavin</u>, No. 23-cv-8103 (PMH) (JCM)

Dear Judge Halpern:

> Application granted. Plaintiff may file a 15-page reply brief in lieu of a new motion to remand. Defendants' motion to dismiss (Doc. 23) is denied without prejudice to re-filing after a determination has been made on the pending motion to remand and following the parties' compliance with the Court's Individual Practices concerning the exchange of letters, a request for a pre-motion conference, and opposition thereto. Accordingly, Defendants' letter request for an extension to comply with Rule 4(C) (Doc. 22) is granted in part and denied in part. The time for Defendants to answer or otherwise file a pre-motion letter in accordance with the Court's Individual Practices is extended to October 20, 2023. The Clerk of Court is respectfully requested to terminate Doc. 22, Doc. 23, and Doc. 25 in accordance with this Order.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> October 5, 2023

As counsel for Plaintiff, we write to request leave to file a reply brief of no more than fifteen pages in response to Defendants' newly alleged basis for removal. We believe the additional pages will obviate the need for Plaintiff to file a new notice of motion to remand. Per the Court's September 28, 2023 Order, the reply brief is due on October 6, 2023.

On September 13, 2023, Defendants filed an improper Notice of Removal based on diversity jurisdiction. After Plaintiff filed a Motion to Remand and to Hold Defendants in Contempt, Defendants filed an Amended Notice of Removal, citing federal question as a basis. Defendants now erroneously argue Plaintiff's claims are preempted by the Copyright Act. In order to respond to Defendants' new arguments, which are wholly without merit, Plaintiff requires more than the ten pages allotted for reply briefs by Your Honor's individual rules.

Plaintiff would prefer to file a reply brief of no more than fifteen pages rather in lieu of filing a new motion to remand because Defendants have already been intentionally extending this litigation by filing two notices of appeal, two notices of removal, a non-compliant motion to dismiss, and a request for an extension to file a motion to dismiss, all while they continue to completely ignore the state court's August 25, 2023 TRO and avoid a hearing for contempt and an injunction. However, if the Court prefers Plaintiff file a new motion to remand based on Defendants' Amended Notice of Removal, Plaintiff will of course defer to the Court.

Plaintiff further requests that the Court deny Defendants' Motion to Dismiss. Although it lacks merit for the same reasons as the Amended Notice of Removal- Plaintiff did not plead any federal claims and there is no preemption- it should also be dismissed for Defendants' failure to comply with the Court's individual rules, which require two sets of letters be exchanged between the parties before filing the motion. Defendants should have been aware of this requirement on September 14, 2023, the day Your Honor was assigned to the case, and twenty days before they took steps to initiate their anticipated motion. Alternatively, Plaintiff requests that she not be required to submit any opposition to Defendants' motion until: 1) the Court rules on Plaintiff's

October 5, 2023
Page 2

Motion to Remand; and 2) in the event the Court does not remand the matter, until the Court rules on Plaintiff's Motion to Hold Defendants in Contempt.[1]

    Thank you for your consideration of these requests.

                                                  Respectfully submitted,

                                                                     /s/

                                                  Daniel J. LaRose

cc: Counsel of record (via ECF)

---

[1] Although Plaintiff simultaneously brought these motions as one, the Court implicitly bifurcated the motion via its September 20, 2023 Order (Dkt. # 13).