```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
RUSSIAN SCHOOL OF MATHEMATICS,
INC.,

                            Plaintiff,              OPINION AND ORDER
         v.
                                                    23-CV-08103 (PMH)
IRENE SINYAVIN and LOGICUS, LLC,

                            Defendants.
-----------------------------------------------------------X
```

PHILIP M. HALPERN, United States District Judge:

On or about August 14, 2023, Plaintiff commenced an action in the Supreme Court of the State of New York, County of Westchester against Irene Sinyavin ("Sinyavin") and Logicus, LLC (together, "Defendants") by the service and filing of a Summons and Complaint. (Doc. 1, "Not." ¶ 1; Doc. 1-2, "Compl."). On September 13, 2023, Defendants removed this action from state court pursuant to 28 U.S.C. §§ 1441 and 1446. The basis for removal set forth in the original Notice of Removal was the alleged diversity of the parties under 28 U.S.C. § 1332(a). (Not. ¶¶ 8-11). On September 19, 2023, in response to an Order to Show Cause entered by the Court, Defendants filed a letter explaining the basis for the existence of diversity of citizenship with respect to the limited liability company's citizenship. (Docs. 4, 5). On September 27, 2023, Defendants filed an Amended Notice of Removal, which eliminated reference to diversity jurisdiction and now asserts as the basis of removal federal question subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, and 1454. (Doc. 15, "Am. Not.").

Presently pending before the Court is Plaintiff's motion to remand and hold Defendants in contempt. (Doc. 7; Docs. 8-12).[1] Defendants, in addition to filing the Amended Notice of

---

[1] In light of the rulings herein, the Court does not reach the other branch of this motion which seeks to hold Defendants in contempt.

Removal (*see* Am. Not.) and Counterclaims[2] (Doc. 21), filed their opposition to Plaintiff's motion (Doc. 18). Defendants' principal opposition to the branch of the motion seeking remand is that the motion was rendered moot by their filing of the Amended Notice of Removal asserting new and different grounds for removal. (*Id*. at 2). Plaintiff, at the Court's direction and with permission to enlarge the applicable page limits, filed its reply and addressed the Amended Notice of Removal in lieu of filing a new motion. (Docs. 19, 26, 27). Defendants filed sur-reply, with the Court's permission, on October 16, 2023. (Doc. 31).

For the reasons set forth below, Plaintiff's motion is GRANTED and this matter is REMANDED to the Supreme Court of the State of New York, County of Westchester.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). "Federal courts are courts of limited jurisdiction whose power is limited strictly by Article III of the Constitution and congressional statute." *United Food & Commercial Workers Union, Local 919 AFL-CIO v. CenterMark Props. Merdien Square, Inc.*, 30 F.3d 298, 303 (2d Cir. 1994).[3] Defendants bear the burden of demonstrating that federal subject matter jurisdiction exists. *Id*. at 301. "Unless that burden is met, the case must be remanded back to state court. At this stage therefore, the party seeking remand is presumed to be entitled to it unless the removing party can demonstrate otherwise." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 171 (S.D.N.Y. 2003). Federal courts are instructed to "construe the removal

---

[2] Defendants filed, on September 27, 2023, documents docketed as "Counterclaim" and "Amended Counterclaim" which were each rejected by the Clerk's Office for filing deficiencies. (Doc. 16; Doc. 17). On September 28, 2023, Defendants re-filed these two documents to correct those filing deficiencies. (Doc. 20; Doc. 21).

[3] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

statute narrowly, resolving any doubts against removability." *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994).

Defendants, in their original Notice of Removal, claimed diversity jurisdiction as the basis for removal. The Amended Notice of Removal does not base removal on diversity jurisdiction and asserts only the existence of federal question jurisdiction. "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

## **ANALYSIS**

Defendants contend that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 on the basis that Plaintiff's claims arise under the United States Copyright Act, 17 U.S.C. §§ 301(a), *et seq*. ("Copyright Act"). Federal jurisdiction over copyright actions stems from 28 U.S.C. § 1338(a), which states that federal district courts "shall have original jurisdiction of any civil action arising under any Act of Congress relating to . . . copyrights . . . ." "A suit arises under the Copyright Act for purposes of federal question jurisdiction if the complaint is for a remedy expressly granted by the Act, *e.g.*, a suit for infringement or for the statutory royalties, for record reproduction or the complaint asserts a claim requiring construction of the Act." *Martin v. New Am. Cinema Grp., Inc.*, No. 22-CV-05982, 2023 WL 2024672, at *3 (S.D.N.Y. Feb. 15, 2023).

Plaintiff characterizes this action as one to enforce its legal and contractual rights and prevent Sinyavin, its former employee, from continuing to violate certain restrictive covenants contained in her employment agreement. (Compl. ¶ 1). Plaintiff alleges that the employment agreement contained non-disclosure, non-competition, non-solicitation, and non-disparagement

provisions. (*Id*. ¶ 8). When Sinyavin separated from employment with Plaintiff, she signed an agreement which Plaintiff alleges incorporates the terms of the employment agreement including the aforementioned restrictive covenants. (*Id*. ¶¶ 9-19). Plaintiff alleges that after her separation from employment, Sinyavin founded Logicus, LLC, a business similar to and in competition with Plaintiff's, located within 8 miles of Plaintiff's Scarsdale location where Sinyavin previously worked. (*Id*. ¶¶ 23-30). Plaintiff alleges that Sinyavin solicited Plaintiff's clients, tailored a curriculum to more closely resemble Plaintiff's curriculum, disparaged Plaintiff by telling potential customers that Plaintiff's Scarsdale location was poor quality, and hired several of Plaintiff's employees. (*Id*. ¶¶ 31-35). Plaintiff brings claims sounding in breach of the employment agreement—specifically, breaches of the non-compete clause, non-solicitation clause, non-disclosure clause, non-disparagement clause—and breach of the separation agreement—specifically, the independent non-disparagement clause contained therein—as well as claims of tortious interference with contract, misappropriation of trade secrets, and unfair competition. (*Id*. ¶¶ 39-87).

The Complaint brings no claims under the Copyright Act and does not even reference copyrights. To the extent this action implicates copyright at all, it is only through the contractual definition of "Confidential Information" which includes, among 13 other categories of information, "copyrightable works." (Compl., ¶ 19, Ex. A § 5). Defendants' argument is that copyright is embodied in Plaintiff's third claim for relief for breach of the non-disclosure clause which prohibits use of "Confidential Information" (Compl. ¶¶ 59-63); sixth claim for relief for tortious interference with contract which alleges that Logicus, LLC induced Sinyavin to breach, *inter alia*, said clause (*id*. ¶¶ 76-78); seventh claim for relief for misappropriation of trade secrets which alleges that Defendants disclosed and/or improperly used "Confidential Information" (*id*.

¶¶ 79-84); and eighth claim for relief for unfair competition which alleges that Defendants misappropriated "Confidential Information" (*id.* ¶¶ 85-87). No particular "copyrightable works" are identified in the Complaint, and none have been specifically identified by Defendants.

"[C]opyright is one of a handful of areas where -- at least in the Second Circuit -- Congress is considered to have 'completely preempted' analogous state-law claims, meaning that 'the preemptive force of federal law [in this area] is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Red Apple Media, Inc. v. Batchelor*, 636 F. Supp. 3d 468, 471 (S.D.N.Y. 2022) (quoting *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004)). The district courts have jurisdiction over state law claims preempted by the Copyright Act regardless whether the claim formally invokes the Copyright Act. *Briarpatch Ltd., L.P.*, 373 F.3d at 305.

"A state law claim is statutorily preempted when each part of the two-part test for statutory preemption are satisfied: (1) 'the claim applies to a work of authorship fixed in a tangible medium of expression and falling within the ambit of one of the categories of copyrightable works'; and (2) 'when the state-created right may be abridged by an act that would, by itself, infringe one of the exclusive rights provided by federal copyright law.'" *Rennie v. Top View / Go New York Tours / S. E. Pers.*, No. 23-CV-02311, 2023 WL 2955306, at *3 (S.D.N.Y. Apr. 14, 2023) (quoting *Briarpatch Ltd., L.P.*, 373 F.3d at 305).

The first prong asks whether the particular work to which the claim applies falls within the types of works protected by Copyright Act under 17 U.S.C. §§ 102 and 103. *Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 301 (2d Cir. 2022). "The second prong looks at the right being asserted (over a work that comes within the 'subject matter of copyright') and requires (for preemption to apply) that the right be 'equivalent to any of the exclusive rights within the general

scope of copyright as specified by section 106 [of the Copyright Act]." *Rennie*, 2023 WL 2955306, at *3. "[For] preemption to apply, the state law claim must involve acts of reproduction, adaptation, performance, distribution or display and must not include any extra elements that make it qualitatively different from a copyright infringement claim." *Melendez*, 50 F.4th at 302.

Plaintiff, in its reply brief, confirms that it "has not alleged that Defendants have reproduced, adapted (i.e., created derivative works), performed, distributed, or displayed any confidential information." (Doc. 27 at 6). A review of both Plaintiff's brief and the Complaint, makes clear that Plaintiff's allegations are that Sinyavin used Plaintiff's customer identities, curriculum information, and contact information to benefit Logicus, LLC in violation of her employment agreement and that Logics, LLC induced her to do so. (*Id.*; *see generally* Compl.).

Plaintiff's first through fifth claims for relief accuse Sinyavin of breaching contractual obligations having nothing to do with copyright law; and "[s]tate law breach of contract claims are generally not preempted by the Copyright Act, so long as the claim is based on allegations of a contractual right not existing under copyright law." *Sharp v. Patterson*, No. 03-CV-08772, 2004 WL 2480426, at *7 (S.D.N.Y. Nov. 3, 2004). "[W]hen, as here, a breach of contract claim is based on allegations that the parties' contract creates a right not existing under copyright law—a right based upon a party's contractual promise—and the plaintiff is suing to protect that contractual right, then the claim is not preempted." *Id*. Plaintiff's sixth claim for relief, tortious interference with contract, alleges that Logicus, LLC induced Sinyavin to breach her contractual obligations to Plaintiff, which likewise is qualitatively different than a Copyright Act claim. *Sleppin v. Thinkscan.com, LLC*, 55 F. Supp. 3d 366, 376 (E.D.N.Y. 2014). Plaintiff's seventh claim for relief, misappropriation of trade secrets, is not preempted because the claim is

grounded upon breach of a fiduciary duty owed to the employer, satisfying the "extra element test." *Quadrille Wallpapers & Fabric, Inc. v. Pucci*, No. 10-CV-01394, 2011 WL 3794238, at *6 (N.D.N.Y. Aug. 24, 2011); *see also White House/Black Mkt., Inc. v. Cache Inc.*, No. 10-CV-05266, 2010 WL 2985232, at *4 (S.D.N.Y. July 27, 2010). Plaintiff's eighth claim for relief, unfair competition, arises out of Sinyavin's alleged breach of the confidential relationship she had with Plaintiff as its employee and out of Defendants' misuse of Plaintiff's trade secrets to compete with Plaintiff. "[U]nfair competition claims based upon breaches of confidential relationships, breaches of fiduciary duties and trade secrets have been held to satisfy the extra-element test and avoid § 301 preclusion." *Kregos v. Assoc. Press*, 3 F.3d 656, 666 (2d Cir. 1993). Each of the claims for relief alleged in the Complaint contains the extra element that removes them from the Copyright Act's preemptive scope.

Defendants' alternative argument for removal is that by filing counterclaims which seek injunctive and declaratory relief declaring that Sinyavin has not violated the Employment Agreement and that they are not in violation of the Copyright Act, they have invoked this Court's federal question jurisdiction under 28 U.S.C. 1454(a). Because, however, Defendants have not yet filed any pleading, have indicated their intent to move to dismiss in lieu of answering the Complaint (Docs. 22-24), and their time to respond to the Complaint has not yet expired (Doc. 26), the standalone counterclaims are not properly before this Court. Rule 13 provides that a counterclaim shall be stated in a pleading. Fed. R. Civ. P. 13(a), (b), (e). Rule 7(a) in turn provides a list of the "only" pleadings allowed, and a "counterclaim" is not listed in that rule. Fed. R. Civ. P. 7(a). Simply put, a party may not file a standalone counterclaim as its own pleading. *See* 5 Wright & Miller, Fed. Prac. & Proc. Civ. §§ 1183, 1184 (4th ed.); *see also KAABOOWorks Servs., LLC v. Pilsl*, No. 17-CV-02530, 2019 WL 1979927, at *4 (D. Colo. May

3, 2019) ("[A] counterclaim filed as a standalone document is improper; a counterclaim incorporated into an answer is proper."); *Bernstein v. IDT Corp.*, 582 F. Supp. 1079, 1089 (D. Del. 1984) ("Thus, because General Dynamics has filed no pleading, its counterclaims must be dismissed and/or stricken at this juncture.").

Even if the counterclaims were properly before the Court, they do not arise under the Copyright Act. It is axiomatic that a claim seeking a declaratory judgment arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 and does not "extend the jurisdiction of the federal courts." *Medtronic, Inc. v. Mirowski Fam. Ventures, LLC*, 571 U.S. 191, 197 (2014). Federal courts "look to the character of the threatened action" and ask whether "a coercive action brought by the declaratory judgment defendant would necessarily present a federal question." *Id*. Here, Defendants' counterclaim seeking a declaratory judgment as to non-infringement asks this Court to declare that Defendants did not infringe on any copyright Plaintiff purports to own in its Confidential Information as defined in Sinyavin's employment agreement. (Doc. 21). Defendants seek declaratory relief declaring that they did not commit the breaches of contract, breaches of confidential relationships, breaches of fiduciary duties, and misappropriation of trade secrets that Plaintiff alleges they did commit. In other words, Defendants ask the Court to determine that they did not commit the breaches and acts alleged by Plaintiff in the Complaint. (*Id*.). Because the issue is whether Sinyavin violated certain provisions of the employment agreement, the counterclaims do not require interpretation of the Copyright Act and are qualitatively different than Copyright Act claims for the same reasons as discussed above concerning the claims in the Complaint.

Having found that it lacks subject matter jurisdiction over this action, the Court declines to rule on and need not address the parties' other pending requests, such as Plaintiff's motion to

hold Defendants in contempt (Doc. 7) and Defendants' pre-motion letter seeking a preliminary injunction (Doc. 30).

## CONCLUSION

Based upon the foregoing, the branch of Plaintiff's motion seeking remand to State Court (Doc. 7) is GRANTED. This action is REMANDED to the Supreme Court of the State of New York, County of Westchester.

The Clerk of Court is respectfully directed to: (1) remand the case to Supreme Court of the State of New York, County of Westchester, Index No. 65180/2023; (2) send a copy of this Order to the Supreme Court of the State of New York, County of Westchester; (3) terminate the pending motions (Doc. 7, Doc. 30); and (4) close this case.

SO-ORDERED.

Dated: White Plains, New York
       October 18, 2023

_____
Philip M. Halpern
United States District Judge