UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
RUSSIAN SCHOOL OF MATHEMATICS,
INC.,

                              Plaintiff,                    ORDER AND JUDGMENT

v.

                                                    23-CV-08103 (PMH)

IRENE SINYAVIN and LOGICUS, LLC,

                              Defendants.
-----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

        The Court issued an Opinion and Order on October 19, 2023 remanding this action to the Supreme Court of the State of New York, County of Westchester. (Doc. 32). Plaintiff thereafter moved this Court under 28 U.S.C. § 1447(c) for an award of attorney's fees against Irene Sinyavin and Logicus, LLC (together, "Defendants"), which Defendants opposed. (Doc. 33—Doc. 35; Doc. 36; Doc. 37). On November 16, 2023, the Court issued an Order granting the motion for attorney's fees on the ground that Defendants lacked an objectively reasonable basis for seeking removal. (Doc. 38). Plaintiff, at the Court's direction (*id*.; Doc. 42), filed an appropriate application for its fees on December 21, 2023 (Doc. 43; Doc. 45). Defendants opposed (Doc. 50; Doc. 51), and Plaintiff filed reply on January 19, 2024 (Doc. 52).

        The sole issue before this Court is the amount of the fee award due Plaintiff.[1]

---

[1] Defendants urge the Court to reconsider its Order granting attorney's fees. (*See* Doc. 50 at 9-13). There is simply no basis to relitigate that issue. The time to move for reconsideration of the Court's Order granting the motion for attorney's fees expired November 30, 2023. Defendants did not move for reconsideration by that date; indeed, Defendants have not moved for reconsideration at all. *See Doe v. King*, No. 20-CV-02331, 2021 WL 4198275, at *6 (S.D.N.Y. Sept. 13, 2021) (denying reconsideration for failure to file a notice of motion pursuant to Local Civil Rule 6.3, and failure to file motion within fourteen days after the entry of the Court's determination of the original motion (citing *McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018) ("As numerous cases from this Circuit have held, the untimeliness of a motion for reconsideration is reason enough to deny the motion."))).

The starting point in determining fee awards is calculation of the "lodestar" by multiplying a reasonable hourly rate by the number of hours reasonably expended on the litigation; the lodestar creates a presumptively reasonable fee. See *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 188-90 (2d Cir. 2008).[2] The hourly rates used in determining a fee award should be "what a reasonable, paying client would be willing to pay." *Id*. at 184. The Second Circuit "has instructed that determination of a reasonable hourly rate contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel, an inquiry that may include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." *Agudath Israel of Am. v. Hochul*, No. 22-38, 2023 WL 2637344, at *1 (2d Cir. Mar. 27, 2023); *see also City of Providence v. Aeropostale, Inc.*, No. 11-CV-07132, 2014 WL 1883494, at *13 (S.D.N.Y. May 9, 2014) (approving hourly billing rates ranging "from $640 to $875 for partners, $550 to $725 for of counsels, and $335 to $665 for other attorneys"); *Torres v. Colvin*, No. 11-CV-05309, 2014 WL 909765, at *4 (S.D.N.Y. Mar. 6, 2014) (relying on a "substantial body of case law" that awarded per-hour fees "well in excess of $1,000.00 dating from 2006").

To determine the amount of attorney time reasonably spent prosecuting the case, "the court looks to its own familiarity with the case and . . . its experience generally as well as to the evidentiary submissions and arguments of the parties." *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992). To establish entitlement to an award, a plaintiff must submit documentation including "contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done." *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 148 (2d Cir. 2014).

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and Alterations.

A review of the attorney declaration and billing records submitted by Plaintiff (Doc. 45), and in light of the Court's familiarity with this case, leads the Court to conclude that the rates charged ($500 per hour for Counsel and $695 per hour for Partner) are reasonable for work of this sort in the Southern District of New York, and that the number of hours expended is reasonable and not excessive. Mr. LaRose, Counsel, and Mr. Peikes, Partner, spent 59.9 hours and 16.4 hours, respectively, on the successful remand motion. The Court has reviewed the detailed and contemporaneous time records kept and finds the time spent entirely reasonable. Defendants' arguments concerning counsel's staffing choices and the time expended on the remand motion are not persuasive. For all intents and purposes, Defendants were responsible for creating a procedural mess: by removing on the infirm basis of diversity of citizenship, amending their notice of removal after Plaintiff's motion to remand was filed to instead assert federal question jurisdiction, and filing standalone counterclaims in an effort to claim Copyright preemption,[3] they forced Plaintiff to either file an entirely new motion to remand or—as the Court ultimately directed—address the amended notice of removal in its reply papers which, with the Court's permission, required an enlargement of the Court's standard page limits. Beyond the procedural peculiarity of the matter, the issues raised by Defendants' somewhat novel, shifting theories upon which removal was based, indeed required the hours expended by Plaintiff's counsel on research and preparation of appropriate motion papers. Thus, the Court finds that that all relevant factors support an award of attorneys' fees in the amount of $41,348.[4]

---

[3] Plaintiff's counsel suggests that the removal on such specious grounds was Defendants' bad faith attempt to avoid the Temporary Restraining Order previously entered against Defendants in the State Court Action prior to removal. (Doc. 52 at 3).

[4] Plaintiff also seeks to include in its award the fees incurred to prepare its reply memorandum of law. However, the Court did not contemplate or direct that any reply be filed. (*See* Doc. 38; Doc. 42; Doc. 47). Accordingly, the Court declines to consider any additional fee award for the preparation and filing of Plaintiff's reply.

Accordingly, it is hereby

ORDERED, ADJUDGED, AND DECREED that Plaintiff Russian School of Mathematics, Inc. have judgment against Defendants Irene Sinyavin and Logicus, LLC, in the total amount of $41,348 representing an award of attorney's fees.

SO-ORDERED.

Dated: White Plains, New York
       January 25, 2024

                                                              Philip M. Halpern
                                                              United States District Judge