UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
RUSSIAN SCHOOL OF MATHEMATICS,
INC.,

                       Plaintiff,                ORDER

v.

                                              23-CV-08103 (PMH)

IRENE SINYAVIN and LOGICUS, LLC,

                     Defendants.
-------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

       On January 25, 2024, this Court entered an Order and Judgment in favor of Plaintiff and against Defendants in the total amount of $41,348, representing an award of attorneys' fees.[1] (Doc. 53). Plaintiff now moves to compel Defendants to comply with post-judgment information subpoenae, pursuant to Federal Rule of Civil Procedure 69 and Rules 2308(b), 5223, and 5224(a) of the New York Civil Practice Law and Rules ("C.P.L.R."). (Doc. 54; Doc. 55; Doc. 56). Defendants opposed the motion (Doc. 61), and after Plaintiff filed its reply papers (Doc. 62; Doc. 63), Defendants' attorneys moved to be relieved as counsel (Doc. 65). Defendants, in their brief in support of the motion to be relieved as counsel, request that the Court stay the action to permit Defendants to secure new counsel. (Doc. 66 at 6).

       For the following reasons, Plaintiff's motion is GRANTED and Defendants' motion is DENIED without prejudice to renewal.

       Pursuant to Federal Rule of Civil Procedure 69, a party that obtains a money judgment in a federal district court may enforce that judgment in accordance with the procedure of the state in which the court is located and may rely on federal or state discovery procedures to obtain information relevant to the satisfaction of a judgment. Fed. R. Civ. P. 69(a)(1), (2). "[B]road

---

[1] The Court presumes the parties' familiarity with the underlying facts and procedural history of this case.

post-judgment discovery in aid of execution is the norm in federal and New York state courts." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012). Under New York law, a judgment creditor can use an information subpoena to compel disclosure of information relevant to a judgment debtor's satisfaction of the judgment. C.P.L.R. § 5223. If the recipient of an information subpoena fails to respond within seven days, a court may order compliance. *See id*. §§ 2308(b)(1), 5224(a)(3); *see also* Fed. R. Civ. P. 37(a)(1).

As a judgment creditor, Plaintiff is entitled to the information requested in the information subpoenae seeking the identification of assets suitable to satisfy the Court's January 25, 2024 judgment and which were properly served on Defendants. (*See* Doc. 55-2, 55-3). Indeed, Defendants do not dispute that the information subpoenae were properly served in accordance with C.P.L.R. § 5224(a)(3), nor do they dispute that they have failed to respond to the subpoenae. Defendants argue that Ms. Sinyavin has suffered for the past year financially and personally. While the Court is mindful of the difficult personal circumstances Ms. Sinyavin has endured, Defendants neither conveyed these circumstances to Plaintiff nor asked for additional time to pay the judgment or comply with the information subpoenae. Defendants simply ignored the judgment and post-judgment enforcement efforts. Defendants have offered no support for the proposition that their failure to comply with information subpoenae is excusable. Pursuant to C.P.L.R § 2308(b)(1), "[i]f the court finds that the subpoena was authorized, it *shall* order compliance . . ." (emphasis added). As the information requested in the subpoenae is discoverable under Federal Rule of Civil Procedure 69(a)(2), the Court grants Plaintiff's motion to compel.

"In addition to a $50.00 penalty and costs up to $50.00, CPLR § 2308(b)(1) authorizes an award of 'damages sustained by reason of the failure to comply,' . . . [and] [d]amages 'include

reasonable attorneys' fees incurred in making the motion to compel and enforcing the information subpoena.'" *Buffalo Laborers Welfare Fund v. Leone Constr., Inc.*, No. 18-CV-00544, 2021 WL 5119720, at *2 (W.D.N.Y. Nov. 4, 2021) (quoting *Giuliano v. N.B. Marble Granite*, No. 11-MC-00753, 2014 WL 2805100, at *4 (E.D.N.Y. June 20, 2014)). Plaintiff has annexed to its attorney declaration the contemporaneous billing records of Daniel LaRose for attorney time spent in connection with enforcing compliance with the information subpoenae and this motion. (Doc. 55 ¶¶ 18-20; Doc. 55-5). "Ultimately, the determination of a reasonable fee is within the district court's discretion." *Buffalo Laborers Welfare Fund*, 2021 WL 5119720, at *7. The Court finds that the 8.9 hours billed for work performed in attempts to effect compliance with the information subpoenae and in making this motion to compel is reasonable. The Court has already determined that counsel's rate of $500 per hour is reasonable for work of this sort in the Southern District of New York (*see* Doc. 53 at 3). Accordingly, the reasonable fee for the legal work performed is $4,450 and, together with the penalty authorized by C.P.L.R. § 2308(b)(1), the total amount of damages and penalties is $4,500. The Court declines to impose costs as Plaintiff has not identified what costs, if any, were incurred.

Therefore, Defendants are directed to respond in full to Plaintiff's information subpoenae no later than thirty days from the date of this order. Defendants shall also pay the damages and penalties award in the amount of $4,500 within thirty days of the date of this order.

Defendants' counsel's motion to be relieved is denied without prejudice to renewal upon Defendants' compliance with this Court's order. Counsel may renew its motion to be relieved by certifying, by letter filed via ECF, that Defendants have complied with the Court's order by responding to the information subpoenae within thirty days of the date of this order. As this is a closed case, any request to "stay[ ] the action" (Doc. 66 at 6) is denied.

The Clerk of Court is respectfully requested to terminate the pending motions (Doc. 54, Doc. 65).

SO-ORDERED.

Dated: White Plains, New York
       October 8, 2024

_____
Philip M. Halpern
United States District Judge